# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MUKTA PATEL, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   **CASE NO: 1:09-CV-3684CAP** |
| | ) |
| | ) |
| MUKESH C. PATEL, et al., | ) |
| | ) |
|    Defendants. | ) |

## DEFENDANTS' BRIEF IN OPPOSITION TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF HAVEN TRUST BANK'S MOTION TO INTERVENE, STAY PROCEEDINGS, AND <u>EXTEND TIME FOR FILING PLEADING IN INTERVENTION</u>

ALSTON & BIRD LLP

Theodore J. Sawicki
Georgia Bar No. 627851
Robert R. Long
Georgia Bar No. 141546
Kerry K. Vatzakas
Georgia Bar No. 141347
1201 West Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Defendants*

## I.    INTRODUCTION

Defendants oppose the FDIC's Motion to Intervene.  Plaintiffs' failure to sufficiently allege their purported securities fraud claims does not give the FDIC the right or permission to intervene in this case.

Defendants agree with the FDIC that Plaintiffs have pleaded merely that their investment loss was caused by mismanagement of Haven Trust Bank (the "Bank").  However, this revelation only goes to show that Plaintiffs have not alleged, and cannot allege, the loss causation element of their purported claims.  It does not mean that the FDIC owns or controls the Haven Trust Bancorp (the "Holding Company") shareholders' claims asserted against Holding Company directors and officers in this case, or otherwise has any legitimate interest in this civil action.

## II.    ARGUMENT AND CITATION OF AUTHORITY

**A.    The FDIC Has No Legitimate Interest in the Claims Asserted by Plaintiffs in This case.**

The FDIC improperly relies on FIRREA as its lever to interfere in this case. The FDIC grudgingly acknowledges that Plaintiffs are Holding Company shareholders who are bringing claims arising out of the Holding Company's private offerings, for which Defendants are allegedly responsible.  But the FDIC then blithely dispenses with that distinction, and asserts in conclusory fashion that

the Holding Company shareholders' claims belong to the FDIC.  (*See* FDIC's Memorandum in Support of Its Motion to Intervene (FDIC's Inv.) pg. 12)  The Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA") says no such thing.  Under FIRREA, the FDIC succeeds to the rights of the Bank only.  *Lubin v. Skow*, 2010 WL 2354141, at *4 and n.9 (11th Cir. June 14, 2010).  Further, there is no basis in Georgia corporate law, federal law, or otherwise to support the notion that the FDIC, as receiver for a subsidiary bank, obtains or controls the rights of the holding company and its shareholders.

The FDIC is correct that Plaintiffs' claims against Defendants in reality allege that they lost their investments in the Holding Company due to alleged mismanagement of the Bank, as revealed by the Amended Complaint's repeated references to the OIG Report and various instances of bank mismanagement.  (*See* Defendants' Memorandum (Defs.' Mem.) pg. 33)  This fatal deficiency in Plaintiffs' pleading means that Plaintiffs have no claim against Defendants.  (Defs.' Mem. pg. 34)  It does not mean, however, that the FDIC has assumed control over the rights and claims of the Holding Company shareholders, or that it otherwise has any legitimate claims against Holding Company directors and officers.  *Lubin*, 2010 WL 2354141 at *4.

### B. Intervention as of Right is Not Available to The FDIC.

The FDIC does not satisfy each element of Fed. R. Civ. P. 24(a) and is not entitled to intervene in this action as a matter of right. As a non-party, the FDIC bears the burden of meeting all of the following: "(1) the application to intervene is timely; (2) the non-party has a legally protectable interest relating to the property or transaction that is the subject of the action; (3) the non-party is so situated that disposition of the action as a practical matter, may impede or impair its ability to protect that interest; and (4) the non-party's interest is represented inadequately by the existing parties to the lawsuit." *In re Healthsouth Corp. Ins. Litig.*, 219 F.R.D. 688, 691 (N.D. Al. 2004) (citing Fed. R. Civ. P. 24(a)). Because the FDIC does not have a "legally protectable interest relating to the property or transaction that is the subject of the action," under Fed. R. Civ. P. 24(a)(2), its motion to intervene as a matter of right should be denied.

In the Eleventh Circuit, "a contingent economic interest in insurance policy proceeds does not rise to a 'legally protectable' interest and fails to provide grounds for intervention under Rule 24(a)." *Id.* (citing *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991); *Ace American Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 539 (S.D. Fla. 2003); *Midwest Employers Cas. Co v. E. Ala. Health Care*, 170 F.R.D. 195, 198 (M.D. Ala. 1996)).

Here, the FDIC admits it has not obtained a judgment against Defendants and its only reason to intervene in this action is to recover from the insurance policy at an undetermined point in the future.  (FDIC's Inv. pg 13)  Put another way, the FDIC merely stands in the shoes of an allegedly injured party and seeks to insert itself in the instant litigation because the resolution of this case could affect its ability to recover on a judgment it hopes to get if it files a claim at some undetermined point in the future, proves those claims by the greater weight of the evidence, and obtains an enforceable judgment against one or more insured persons under the Haven Trust Bancorp directors and officers insurance policy.[1]

The FDIC has no rights with respect to the D&O policy, except as a *potential* claimant against certain of the Policy's insureds.  In stark contrast, the Defendants are insureds under the policy and already have specific, choate rights to policy proceeds for the payment of defense costs.  When viewed in this light, the FDIC's assertion that it has some right to policy proceeds is revealed as specious.

**C.    Permissive Intervention Should Not be Granted to the FDIC.**

A court may grant permissive intervention under Fed. R. Civ. P. 24(b) if the application is timely and the intervenor's claim and the main claim have a common question of law or fact.  The decision whether to grant permissive intervention is

---

[1] Notably, such judgment may not necessarily be against any of the named Defendants in this action.

left to the sound discretion of the court. Accordingly, a court may deny intervention even if both of the requirements are met. *HealthSouth*, 219 F.R.D. at 694 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

To be sure, Defendants agree with the FDIC that *one of the defects* in Plaintiffs' Amended Complaint is that it alleges nothing more than that Plaintiffs' investment losses were caused by mismanagement of the Bank. Yet, if *arguendo* Plaintiffs' Amended Complaint survives Defendants' Motion to Dismiss, then alleged mismanagement of the Bank, to the extent it remains relevant in this purported securities fraud action, would be merely one issue of law and fact that the instant action would have in common with the FDIC's threatened claim against certain Bank officers and directors. On the other hand, Plaintiffs primarily allege violations of state and federal securities law and claims under Georgia common law that do not relate to the FDIC's potential claim in any way. See *HealthSouth*, 219 F.R.D. at 694 (holding that a misrepresentations or omission in procuring an insurance policy did not relate to whether defendants breached their ERISA duties). The existence of a single overlapping issue with the FDIC's threatened claim against other parties (including potentially some of the same individual Defendants but in different capacities, *i.e.*, as officers and directors of the Bank) does not justify permissive intervention under Fed. R. Civ. P. 24(b). Granting

permissive intervention would unduly complicate the issues in this case, which already involves complex questions of federal and state law.

**D.     The FDIC's Expressed Desire to Stay This Action If It Is Permitted to Intervene Is Unjustified.**

In tacit recognition of the fact that it does not have a claim to assert in this action, the FDIC has not attached a pleading, as called for by Fed. R. Civ. P. 24(c). Rather, the FDIC indicates that, if permitted to intervene, it intends to move to stay this action while it completes its own investigation and decides whether to bring claims against one or more of the Bank's former officers and directors.  (FDIC's Inv. pg. 17)

Notably, the FDIC does not cite any example where a court has permitted such an intervention and stay so that the proposed intervenor could sort out its potential claims against various individuals, including but not limited to one or more of the defendants in the subject action.  (FDIC's Inv. pg. 13)  Defendants respectfully submit that the requested intervention and stay is unjustified and should not be granted.

### III.   Conclusion

Once even a cursory analysis is undertaken, it becomes readily apparent that the FDIC's motion to interfere in this lawsuit is nothing more than an attempt to

scare away Plaintiffs and intimidate Defendants.  Such a tactic need not and should not be tolerated.  Therefore, the FDIC's Motion to Intervene should be denied.

Dated:  October 18, 2010

                              Respectfully submitted,

                              ALSTON & BIRD LLP

                              By: /s/ Kerry K. Vatzakas
                              Theodore J. Sawicki
                              Georgia Bar No. 627851
                              Robert R. Long
                              Georgia Bar No. 141546
                              Kerry K. Vatzakas
                              Georgia Bar No. 141347
                              1201 West Peachtree Street
                              Atlanta, Georgia 30309
                              Tel:  (404) 881-7000
                              Fax:  (404) 881-7777

                              *Counsel for Defendants*

## **CERTIFICATION OF TYPEFACE COMPLIANCE**

Pursuant to LR 7.1(D), NDGa., counsel for Defendants hereby certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MUKTA PATEL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO: 1:09-CV-3684CAP |
| MUKESH C. PATEL, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing upon Counsel of Record.

Dated: October 18, 2010.

/s/ Kerry K. Vatzakas
Kerry K. Vatzakas
Georgia Bar No. 141347